### MEYERS v. WEBER et al.

(Supreme Court, Appellate Term. December 12, 1907.)

MASTER AND SERVANT—ACTION FOR COMMISSIONS—QUESTION FOR JURY.
 Whether plaintiff was entitled to commissions on sales made for defendants in excess of the amount admitted by defendants' answer *held*, under the evidence, for the jury.
 [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 122.]

Appeal from City Court of New York, Trial Term.

Action by Harry H. Meyers against David W. Weber and another. From a judgment of dismissal, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Isaac V. Schavrien, for appellant.
Davis & Kaufmann, for respondents.

GUY, J. Appeal from judgment for costs entered upon dismissal of complaint by the court. The action is for commissions upon goods alleged to have been sold by plaintiff for defendants. Plaintiff's employment is admitted, and the rate of compensation he was to receive; also the fact that some sales were made by him for the defendants. The answer admits that sales were made by plaintiff for defendants to the amount of $8,113.08, upon which the plaintiff was entitled to be paid $202.82 commissions, of which amount $164.07 is still due, which amount was tendered to the plaintiff, and he refused to accept the same.

The plaintiff testified to further sales, somewhat vague in amount, but aggregating about $34,000. He also called as a witness one Goldfinger, a former bookkeeper of the defendants, who testified that in 1902 one of the defendants gave him a list of customers and asked him to figure out, from the ledger in which the account of the plaintiff and

of the customers to whom he sold were kept, the amount of the commissions due to plaintiff; that he did make such calculation and submitted the list to said defendant, who went over it and struck out certain names, objecting that the amount was too high; that the witness figured it again and gave it to said defendant, who told him to notify the plaintiff to come up; and that said defendant stated that he would pay Meyers $520 odd, and no more. Upon this evidence, constituting an admission of indebtedness, taken together with the other evidence in the case, the plaintiff was clearly entitled to go to the jury, and the court erred in dismissing the complaint.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.